WILLIAM CUMMINS, Respondent, v. NATIONAL FIRE INSURANCE COMPANY, Appellant.

Kansas City Court of Appeals, October 30, 1899.

1. Insurance: CHANGE OF TITLE: MARRIAGE CONTRACT: REVERSION: DIVORCE.   A marriage contract set out in the opinion vests such title in the wife as to come within the prohibition against a change of title in a policy of insurance; and the facts that the settlement was to become void on the unfaithfulness of the wife, and that after the loss the husband secured a divorce, can not authorize a recovery by the husband on the policy.

2. ————: ————: RIGHT OF INSURER.   Contracts forbidding change of title, except by inheritance, are reasonable and have always been enforced.

3. **Practice, Appellate:** REVERSAL.   Where there is an issue of fact between the parties, the cause may be reversed and remanded for its settlement.

Appeal from the Sullivan Circuit Court.—*Hon. W. W. Rucker*, Judge.

REVERSED AND REMANDED.

*Fyke, Yates, Fyke & Snider* for appellant.

(1)   The marriage contract in this case is in strict accord with our statute.   R. S. 1899, secs. 6853, 6854, 6855.   (2) The estate conveyed thereby was a present estate in fee in lieu of dower and homestead.   Anglade v. St. Avit, 67 Mo. 434. (3)   Nor is this result changed by reason of the fact that the marriage conveyance contained a clause whereby the wife's title might be defeated by her misconduct.   The estate vested upon marriage, and the policy was void *eo instanti*.   Besides, the divorce proceedings occurred after the destruction of the building, even if we assume that the insurance could have been in anywise affected thereby.   The policy once void so remained in the absence of any new contract.   Ins. Co. v. Co. of Coos, 151 U. S. 452; Mullen v. Ins. Co., 62 N. H. 240; Reed v. Equitable Co., 24 Atl. Rep. 833; Repogle v. Am. Co., 132 Ind. 360; Ins. Co. v. Kempner, 27 S. W. Rep. 122; Smith v. Saratoga Co., 3 Hill, 508.

*John M. Swallow* for respondent.

(1)   So far as counsel for respondent has been able no authority can be found decisive of the question in this case. It is therefore an original question before this court.   Forfeitures are not looked upon by the courts with favor.   May on Ins. [2 Ed.], secs. 170-367; Ins. Co. v. Kelly, 32 Md. 421; Lazarus v. Ins. Co., 5 Pick. 76-82; Hill v. Ins. Co., 59 Pa. St. 474; Ang. Ins., sec. 206; Wood, Ins., secs. 329, 330; May,

Ins., sec. 267; Flanders Ins., pp. 385, 386 [2 Ed.], sec. 442; Trumbull v. Ins. Co., 12 Ohio 305; Ins. Co. v. Stewart, 19 Pa. St. 45; Prindle v. Ins. Co., 77 N. E. Rep. 521; Ins. Co. v. Bethel, 32 N. E. Rep. 510; Little v. Ins. Co., 25 Am. Rep. 96; Redfield v. Ins. Co., 15 Am. Rep. 424; Morrison's Adm'r v. Ins. Co., 18 Mo. 262.   (3)   "A conditional transfer of property, real or personal, whereby the title does not pass from the insured until the happening of some event, is not, until the condition is performed, an alienation avoiding the policy." Folsom v. Ins. Co., 30 N. H. 231; Ins. Co. v. Graybill, 74 Pa. St. 17; Jackson v. Ins. Co., 16 B. Mon. 242; Ins. Co. v. Hayes, 17 Ohio St. 432; Ins. Co. v. Morrison, 11 Leigh, 354; Chandler v. Ins. Co., 2 Minn. 85.   (4)   "An absolute sale avoids the policy, but to have this effect there must be a transfer of all the interest of the assured.   If he retain any insurable interest in the property it will be protected by the policy." Hitchcock v. Ins. Co., 26 N. Y. 68; Hoffman v. Ins. Co., 32 N. Y. 405; Helfenstein v. Ins. Co., 40 Pa. St. 289; Cowan v. Ins. Co., 40 Iowa, 551; Scanlan v. Ins. Co., 4 Biss. 511; Bank v. Ins. Co., 49 Pac. Rep. 329; Am. Digest 1897, p. 2815, sec. 136 e.   (5)   "A condition in a policy that a transfer if made without consent of insurers shall render the policy void, relates to conveyances by which the interest of the assured is absolutely and permanently divested."   Power v. Ins. Co., 36 Am. Dec. 665; Ayres v. Ins. Co., 85 Am. Dec. 553; Angell, Ins., sec. 193; Hennessey v. Ins. Co., 28 Hun. 98, 100; McMaster v. Ins. Co., 55 Hun. 222, 232; Ins. Co. v. Lawrence, 4 Metcalfe, 9, and cases cited in the opinion by Bullitt, J.

ELLISON, J.—This action is on a policy of fire insurance insuring real and personal property.   The judgment below was for plaintiff.   The contest between the parties relates to a change of title after the insurance and before the fire.   The policy contained the following provision:

"If the assured is not the sole, entire and unconditional owner of the property; if the building stands on leased land,

or the land of another; if there shall be any sale, transfer, mortgage or change of title or of possession of the property insured, or of any individual interest therein other than by succession by death of assured, the amount of loss shall be fixed by the assured and this company by mutual agreement, but if they fail to agree, the same shall be ascertained by two competent and disinterested appraisers; the loss shall not become payable until sixty days after the notice, ascertainment, estimate and satisfactory proof of the loss herein required have been received by this company, including an award by appraisers, when appraisal has been required. This policy is made and accepted on the above expressed conditions."

During the life of the policy before the loss, plaintiff being unmarried, made the following marriage contract, the property insured being situated on the land described, viz.:

"This agreement, made and entered into this the eighth day of April, 1897, by and between William Cummins, party of the first part, and Bertha M. Dorr, party of the second part, both of Suillvan county, Missouri,—

"Witnesseth: That each of the said parties herein, being single and unmarried, in contemplation and consideration of marriage each with the other, soon to be affected between them, hereby enter into the following agreement and contract with respect to the property rights of each, after said marriage has been consummated, as above indicated.

"In and for the consideration that party of the second part marry party of the first part, said first party hereby agrees to make a settlement of certain property upon her, hereafter described, and agrees to give and release unto said second party, as her absolute property to be owned and controlled by her, the following property, to wit:

"Beginning at the northeast corner of section ten (10), township sixty- two (62), of range twenty (20), and running west one hundred and fifty (150) feet, thence south twelve

and 77-100 rods, thence east one hundred and fifty (150) feet, thence north twelve and 77-100 rods to place of beginning.

"And the said party of the second part does hereby accept and receive said above described property in lieu of all claims of dower, homestead or other marital interests in any and all property in first party's estate under and by virtue of the laws of the state of Missouri.

"It is further agreed and understood by the parties to this contract, that should said second party prove herself unfaithful and untrue, or fail in any way to perform the duties incumbent upon her as the wife of said first party, the first party, also, discharging his obligations faithfully as the husband of said second party, then this contract to become null and void and for naught held; otherwise to remain in full force and effect.

"It is further agreed between first and second parties, that in the event of the first party surviving the second party, then said described property is to revert to first party and vest in him absolutely."

The marriage took place as contemplated by the contract. But afterwards and after the fire the parties were divorced, plaintiff being adjudged the innocent party.

It is not disputed that an absolute change of title out of the assured would avoid the policy. Plaintiff contends there was no such change made by this contract and defendant contends that there was sufficient change to bring into effect the terms of the policy. A marriage contract similar in terms to the one in evidence, save as to the faithfulness of the intended wife and the provision for survivorship was held to operate as a conveyance to the wife *in prasenti* upon the marriage. Anglade v. St. Avit, 67 Mo. 434. It is evident from the terms of the contract that it was intended to vest the property absolutely in the wife until it should be ascertained, in some proper mode, that she was not faithful as therein provided. And that she would be held to be the owner until such event was

so ascertained. It is further evident that the provision as to the survivorship relates only to the contingency of the property yet being the wife's at the time of her death. It was not intended to curtail her right of disposition. It follows therefore that she became the owner of the property and that the provision of the policy applies.

Contracts forbidding a change of ownership or title, except by inheritance, are certainly reasonable and have always been enforced. An insurance company may well refuse to insure some persons. They, like any other entity, have a right of choice as to who they will contract with and they can no more be forced to a change of the assured than the assured could be forced to accept insurance from some other company (in which he may have no confidence) than the one contracted with. The result is that there can be no recovery for the loss on real estate.

It seems that the parties signed a statement agreeing that the loss on personal property was $181, whereas the court rendered judgment for $250. Plaintiff contends that the agreement was for immediate payment, the result of a compromise for immediate settlement. The defendant on the other hand says that it was an adjustment between the parties as provided by the policy. Each party is right on the facts each take for the premises. The difference is not great and the right of the matter should be ascertained without serious difficulty. The judgment is reversed and cause remanded. All concur.